# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| HomeStar Property Solutions, LLC,<br><br>          Plaintiff,<br>v.<br><br>Safeguard Properties, LLC,<br><br>and,<br><br>Bank of American, N.A.,<br><br>          Defendants,<br><br>Safeguard Properties LLC,<br><br>          Counter Claimant,<br><br>v.<br><br>Express Lien, Inc., doing business as zLien,<br>Inc., doing business as zLien,<br><br>and,<br><br>HomeStar Property Solutions, LLC<br><br>          Counterclaim Defendants. | Case No. 14-cv-4531 (SRN/SER)<br><br><br><br><br><br><br><br><br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Robert B. Bauer and William M. Topka, Dougherty, Molenda, Solfest, Hills & Bauer, PA, 7300 West 147th St., Ste. 600, Apple Valley, MN 55124, for Plaintiff and Counter Defendant HomeStar Property Solutions, LLC.

Cortney G. Sylvester and David J. Warden, Nilan Johnson Lewis PA, 120 South 6th St., Ste. 400, Minneapolis, MN 55402, for Counter Defendant Express Lien, Inc.

Brian A. Wood and Lauren Allison D'Cruz, Lind Jensen Sullivan & Peterson, PA, 901 Marquette Ave. S., Ste. 1300, Minneapolis, MN 55402, and Joseph J. Santoro and Markus E. Apelis, Gallagher Sharp, 1501 Euclid Ave., Sixth Floor. Bulkley Building,

Cleveland, OH 44115, for Defendant and Counter Claimant Safeguard Properties Management, LLC and Defendant Bank of America, N.A.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant and Counter Claimant Safeguard Properties Management, LLC's ("Safeguard")[1] Objections to Order, Report and Recommendation ("Safeguard's Objs.") [Doc. No. 80]. Safeguard objects to portions of the Report and Recommendation of Magistrate Judge Steven E. Rau ("R & R") [Doc. No. 77].[2] For the reasons set forth below, Safeguard's objections are sustained in part and the Court adopts the R & R in part but respectfully declines to adopt it in part.

## I.      BACKGROUND

### A.  Factual Background[3]

Safeguard is in the business of preserving and repairing foreclosed and other bank-owned properties. (R & R at 2.) In 2012, Safeguard acquired the portion of Bank of America, N.A. that provided similar services, significantly increasing the number of homes in Safeguard's portfolio. (Id.) Safeguard contracted with Plaintiff and Counter Defendant

---

[1] Apparently, Safeguard was erroneously identified as "Safeguard Properties, LLC" in the original complaint and thus is also improperly identified in the caption of this case. (See Safeguard's Objs. at 1.)

[2] The Magistrate Judge also denied Safeguard's Motion for Leave to File Supplemental Counterclaim [Doc. No. 31]. (See R & R at 5–7, 23.) No party has objected to this order and thus it is not addressed here.

[3] The relevant factual background is largely undisputed and is accurately summarized in the R & R. That summary is incorporated here by reference.

HomeStar Property Solutions, Inc. ("HomeStar") to provide some of the repair and remediation services for properties located in dozens of states.  (Id. at 2–3.)

For reasons that the parties dispute, the Safeguard-HomeStar relationship soon soured, ultimately resulting in HomeStar filing suit against Safeguard and Bank of America.  (See id. at 3–4.)  HomeStar's suit alleges breach of contract, unjust enrichment, and promissory estoppel.  (Id. at 4.)  Safeguard filed an amended answer and counterclaims against HomeStar and Counter Defendant Express Lien, Inc., doing business as zLien, Inc., doing business as zLien ("zLien").  (See Defendant Safeguard Properties Management, LLC's Am. Ans. and Counterclaim against Plaintiff HomeStar and New-Party Counterclaim Defendant Express Lien ("Am. Ans. & Countercl.") [Doc. No. 17].)  Safeguard alleges that zLien, on behalf of HomeStar, filed facially invalid mechanic's liens against numerous Safeguard properties located in fourteen different states, including Minnesota.[4]  (See R & R at 4, 20.)  According to Safeguard, this constituted the unauthorized practice of law by zLien.  (Id. at 15, 17.)

### B.  Procedural Background

zLien moved for judgment on the pleadings to dismiss Safeguard's counterclaims against it, including the various unauthorized practice of law claims.  (See zLien's Mot. for Judgment on the Pleadings [Doc. No. 43].)  Relevant to the present matter, Magistrate Judge Rau ("Judge Rau") recommended dismissing Safeguard's Minnesota unauthorized practice of law claim with prejudice, and Safeguard's other state law unauthorized

---

[4] The original mechanics' liens in dispute have since been, or are being, released by HomeStar and zLien.  (See R & R at 12.)

practice of law claims without prejudice.  (R & R at 24.)  As to the Minnesota unauthorized practice of law claim, Judge Rau concluded that Safeguard failed to allege the public benefit necessary to pursue that claim under Minnesota's Private Attorney General statute.  (Id. at 16–17.)  Judge Rau further found that because Safeguard's claims and allegations were directed only at HomeStar and zLien, no public benefit could be inferred.  (Id.)  Finally, Judge Rau recommended that the Court decline to exercise supplemental jurisdiction over Safeguard's other state unauthorized practice of law claims because those claims raised complex or novel issues of state law, and would predominate over the other claims between Safeguard, HomeStar, and zLien.  (Id. at 17–20.)

Safeguard objects to these recommendations.[5]  (See generally Safeguard's Objs.)  Safeguard argues that its Minnesota unauthorized practice of law claim inherently benefits the public, thus fulfilling the public benefit requirement.  (See id. at 6–8.)  In the alternative, Safeguard contends it should be allowed to amend that claim to specifically assert the public benefit that would result from Safeguard pursuing its claim against zLien.  (See id. at 8–13.)  Lastly, Safeguard argues that the Court must exercise supplemental jurisdiction over its other state unauthorized practice of law claims "[i]n the interest of judicial economy, convenience, fairness, and comity . . . ."  (Id. at 13.)  Safeguard asserts that these unauthorized practice of law claims arise from the same common facts as its other claims against HomeStar and will not require the Court to

---

[5] Safeguard did not object to any other portions of the R & R, thus they are not addressed here.  (See Safeguard's Objs. at 4–5.)

engage in any complex analysis not already required to address those other claims.  (See id. at 14–15.)  zLien filed a timely response arguing that the reasoning in the R & R is correct and that it be adopted.  (Express Lien, Inc.'s Resp. to Safeguard's Objs. ("zLien's Resp.") at 3–9 [Doc. No. 83].)  However, zLien also contends that if the R & R is not adopted, at least two "independent" bases for dismissing Safeguard's unauthorized practice of law claims must be considered.[6]  (zLien's Resp. at 9–12.)

## II.   DISCUSSION

### A.  Standard of Review

The Court must conduct a *de novo* review of any portion of a magistrate judge's report and recommendation to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b).

zLien moves, pursuant to Federal Rule of Civil Procedure 12(c), for judgment on the pleadings as to Safeguard's various counterclaims against it.  "Judgment on the pleadings is appropriate if there is no material issue of fact to be resolved and the moving party is entitled to judgment as a matter of law."  Buddy Bean Lumber Co. v. Axis Surplus Ins. Co., 715 F.3d 695, 697 (8th Cir. 2013).  Facts pled by the non-moving party are viewed as true

---

[6] zLien alleges that Safeguard's Minnesota unauthorized practice of law claim must fail as a matter of law because a mechanic's lien is a conveyance and executing conveyances is not considered the practice of law in Minnesota. (zLien's Resp. at 10–11.)  zLien also raises what appears to be a personal jurisdiction challenge, claiming that this Court does not have the ability to "police extraterritorial conduct," (i.e., consider Safeguard's non-Minnesota unauthorized practice of law claims). (Id. at 11–12.)  Because the R & R concluded Safeguard failed to allege the necessary public benefit for a Minnesota unauthorized practice of law claim and that the Court should decline to exercise supplemental jurisdiction over the other state unauthorized practice of law claims, it did not address these arguments.  (See R & R at 17, n.9 and 20, n.13.)

and all reasonable inferences are drawn in favor of the non-moving party. <u>Tony Alamo Christian Ministries v. Selig</u>, 664 F.3d 1245, 1248 (8th Cir. 2012). The Court ordinarily does not consider matters outside the pleadings. <u>See</u> Fed. R. Civ. P. 12(d). The Court may, however, consider exhibits attached to the complaint and documents that are necessarily embraced by the pleadings, <u>Mattes v. ABC Plastics, Inc.</u>, 323 F.3d 695, 697 n.4 (8th Cir. 2003), and may also consider public records, <u>Levy v. Ohl</u>, 477 F.3d 988, 991 (8th Cir. 2007).

### B. Safeguard's Minnesota Unauthorized Practice of Law Counterclaim

Safeguard failed to plead the public benefit necessary to sustain its Minnesota unauthorized practice of law claim against zLien. Even given the most generous reading, Safeguard's counterclaims do not establish, or allow the Court to infer, how its claim for the unauthorized practice of law would benefit the public.

Minnesota bars those not licensed as attorneys in the state from practicing law by making such unauthorized practice a misdemeanor. <u>See</u> Minn. Stat. § 481.02, subd. 1, 8. A civil claim for unauthorized practice of law may be brought pursuant to Minnesota's Private Attorney General statute.[7] Minn. Stat. § 8.31; <u>see</u> Minn. Stat. § 481.02, subd.

---

[7] Citing <u>Parniani v. Cardinal Health, Inc.</u>, No. 06-cv-2514 (PJS/JJG), 2007 WL 2219373, at *9 (D. Minn. June 29, 2007) <u>report and recommendation adopted in part,</u> No. 06-cv-2514 PJS/JJG, 2007 WL 2219368 (D. Minn. July 27, 2007) <u>aff'd,</u> 305 F. App'x 301 (8th Cir. 2008), zLien argues there is no civil cause of action in Minnesota for the unauthorized practice of law. (<u>See</u> zLien's Resp. at 2–3.) zLien is incorrect—there plainly is a civil remedy for the unauthorized practice of law in Minnesota by virtue of the Private Attorney General statute. Minn. Stat. § 481.02, subd. 8(c); <u>Cardinal v. Merrill Lynch Realty/Burnet, Inc.,</u> 433 N.W.2d 864, 869–70 (Minn. 1988) (implicitly recognizing a civil claim for unauthorized practice of law by finding the record contained no evidence of unauthorized practice sufficient to support such a claim). In <u>Parniani,</u>

8(c) ("the public and private penalties and remedies in section 8.31 apply to violations of this section").

> Since the Private AG Statute grants private citizens the right to act as a 'private' attorney general, the role and duties of the attorney general with respect to enforcing the fraudulent business practices laws must define the limits of the private claimant under the statute. . . . it is not the responsibility of the attorney general to protect private or individual interests independent of a public purpose.

Ly v. Nystrom, 615 N.W.2d 302, 313 (Minn. 2000). Thus, to bring a civil claim for the unauthorized practice of law, a plaintiff must allege a public benefit, or other facts and allegations which allow such a benefit to be inferred. See Liberty Mut. Fire Ins. Co. v. Acute Care Chiropractic Clinic P.A., 88 F. Supp. 3d 985, 1011–12 (D. Minn. 2015); In re Levaquin Products Liab. Litig., 752 F. Supp. 2d 1071, 1076 (D. Minn. 2010).

"In deciding whether there is a public benefit, the following factors are relevant: the degree to which the defendants' alleged misrepresentations affected the public; the form of the alleged representation; the kind of relief sought; and whether the alleged misrepresentations are ongoing." Khoday v. Symantec Corp., 858 F. Supp. 2d 1004, 1017 (D. Minn. 2012); see Liberty Mut., 88 F. Supp. 3d at 1011; In re Levaquin, 752 F. Supp. 2d at 1077–78. Where the plaintiff seeks injunctive relief broadly prohibiting the alleged offender from engaging in the offensive conduct, this suggests a public benefit. See Liberty Mut., 88 F. Supp. 3d at 1012 (finding a public benefit where the plaintiff

---

there is no indication that the plaintiff brought a claim pursuant to the Private Attorney General statute, or that the court considered that statute in dismissing the unauthorized practice of law claim. See 2007 WL 2219373, at *9 (mentioning only that plaintiff attempted to bring a claim under Minn. Stat. § 481.02 and noting that statute makes the unauthorized practice of law a criminal offense).

sought a permanent injunction enjoining the defendants from engaging in any further violations of Minnesota's corporate practice of medicine and professional firm laws). Conversely, "[w]here plaintiffs seek only damages, courts typically find no public benefit," even if the claim is premised on a mass produced or mass marketed product. Select Comfort Corp. v. Sleep Better Store, LLC, 796 F. Supp. 2d 981, 986 (D. Minn. 2011). Even if the plaintiff's claim would only indirectly cause a public benefit, this may be enough if the scope of that benefit is great by virtue of the severity of the offense to be corrected. See In re Levaquin, 752 F. Supp. 2d at 1079 (finding a public benefit where plaintiff's suit might indirectly force the defendant to change its allegedly inadequate drug warning labels). However, redressing a "one-on-one" misrepresentation or other offense purely between private parties does not create a public benefit. See Summit Recovery, LLC v. Credit Card Reseller, LLC, No. 08-cv-5273 (DSD/JSM), 2010 WL 1427322, at *5 (D. Minn. Apr. 9, 2010) (citing Ly, 615 N.W.2d at 314).

Here, Safeguard fails to establish the necessary public benefit for its unauthorized practice of law claim against zLien through either the relief it requests, or the public impact of zLien's alleged misconduct. Safeguard alleges zLien, on behalf of HomeStar, filed 34 mechanic's liens in 14 states, including Minnesota, on properties HomeStar serviced for Safeguard. (Am. Ans. & Countercl. at ¶¶ 35–37.[8]) Safeguard argues that without its requested relief, HomeStar and zLien will continue to improperly file these

---

[8] Safeguard's amended answer and counterclaims are contained in one document, but the paragraph designations change from one section to the next. The Court cites to the paragraph numbers as they appear in the counterclaims section, which begins on page 20 of Doc. No. 17.

mechanic's liens.  (Id. at ¶ 43.)  However, in its claim for the unauthorized practice of

law, Safeguard makes no mention of any public interest damaged by zLien's conduct. [9]

(See id. at ¶¶ 87–94.)  The closest Safeguard comes to alleging a public benefit is a single

statement in its claim for declaratory relief:

> Unless the Court grants declaratory relief [declaring the mechanic's liens to
> be invalid], and unless the Court preliminarily and permanently enjoins
> Homestar and zLien from allowing existing mechanics' liens to remain in
> place and filing additional mechanics' liens in the future, the public interest
> will suffer.  In fact, many of the properties against which Homestar,
> through zLien, has filed mechanics' liens are now owned by innocent
> members of the public.

(Id. at ¶ 57.)  Although Safeguard requests injunctive relief, it makes no attempt to

structure that relief in a way that would create a larger public benefit.  (See id. at 38. [10])

Based on these pleadings, Safeguard has not alleged the public benefit necessary

to sustain its unauthorized practice of law claim.  Nor has it pled sufficient facts and

allegations to allow the Court to infer such a benefit.    There is no allegation of the

widespread unauthorized practice of law beyond that affecting Safeguard.  In fact, the

---

[9]  In its objections, Safeguard claims that discovery has produced evidence of an
"innocent Minnesota homeowner who had no direct connection to Safeguard Properties,
HomeStar or Bank of America," against whom zLien filed a facially invalid mechanic's
lien. (Safeguard's Objs. at 10–11.)  Safeguard further asserts that discovery has produced
documents that "corroborate [Safeguard's] allegations that zLien engages in conduct that
constitutes the practice of law."  (Id. at 12, n.2.)  This evidence was not specifically
provided to the Court, but even if it were, it could not be considered on a motion for
judgment on the pleadings as it was not included in or embraced by any of the pleadings.
See Fed. R. Civ. P. 12(d); Mattes, 323 F.3d at 697 n.4.  Even if this evidence were
considered, the Court finds that Safeguard failed to allege the required public benefit for the
reasons stated in this Order.

[10]  The page number is cited as Safeguard's prayer for relief contains no paragraph
designations.

mechanic's liens complained of, even those against "innocent homeowners," apparently were removed.  See supra n.4.  The relief requested is purely for Safeguard's benefit and contains no broader public protection.  Instead, this appears to be the sort of private dispute the Private Attorney General statute is not intended to resolve.  See Ly, 615 N.W.2d at 314; Summit Recovery, 2010 WL 1427322, at *5.

The Court modifies the R & R in one regard in relation to Safeguard's Minnesota unauthorized practice of law claim.  Judge Rau dismissed Safeguard's Minnesota unauthorized practice of law claim with prejudice.  (R & R at 24.)  It appears that Judge Rau was unconvinced Safeguard could amend its counterclaim to overcome the deficiencies described above and in the R & R.  (See id. at 16–17.)  In its objections, Safeguard lists four ways in which its Minnesota unauthorized practice of law claim might be amended to sufficiently allege a public benefit.  (Safeguard's Objs. at 9–13.) The Court finds that it is theoretically possible for Safeguard to amend its Minnesota unauthorized practice of law claim to allege the necessary public benefit.  However, whether any amendment successfully pleads the necessary public benefit, as described above, depends on the facts and allegations asserted.  Thus, the claim is dismissed without prejudice.

### C. Subject Matter Jurisdiction Over Safeguard's Unauthorized Practice of Law Counterclaims

The issue of this Court's subject matter jurisdiction over Safeguard's remaining unauthorized practice of law counterclaims, or lack thereof, has not been properly analyzed.  Federal district courts have original (or "independent") jurisdiction over "all

civil actions arising under the Constitution, laws, or treaties of the United States" and "all civil actions" where the amount in controversy exceeds $75,000 and complete diversity of citizenship exists between the parties.   28 U.S.C. §§ 1331, 1332; see Supplemental Jurisdiction—Background and Overview of 28 U.S.C.A. § 1367, 13D Fed. Prac. & Proc. Juris. § 3567 (3d ed.) ("An independent basis of jurisdiction is one by which a case itself may be brought in federal court.").   Supplemental jurisdiction allows a federal court to hear a state law claim over which it has no independent basis of subject matter jurisdiction, so long as that state law claim is "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case and controversy." 28 U.S.C. § 1367(a); see Supplemental Jurisdiction—Background and Overview of 28 U.S.C.A. § 1367, 13D Fed. Prac. & Proc. Juris. § 3567.   "Accordingly, supplemental jurisdiction does not—and cannot—operate to get a case into federal court.   Rather, it becomes relevant only after a case has invoked an independent basis of federal subject matter jurisdiction."   Supplemental Jurisdiction—Background and Overview of 28 U.S.C.A. § 1367, 13D Fed. Prac. & Proc. Juris. § 3567; see Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 249 n.8 (3d Cir. 2013); Palmer v. Hosp. Auth. of Randolph Cty., 22 F.3d 1559, 1565 n.6 (11th Cir. 1994).

"[I]f a claim independently satisfies federal question or diversity jurisdiction, supplemental jurisdiction is not needed and should not be addressed."   Martin v. CTB, Inc., 148 F. Supp. 2d 1266, 1268 (M.D. Ala. 2001) (quotations omitted); see Supplemental Jurisdiction—Background and Overview of 28 U.S.C.A. § 1367, 13D Fed. Prac. & Proc. Juris. § 3567 at n.3 ("The fact that [a] court [has] diversity of citizenship

jurisdiction over the counterclaim should render the entire discussion of supplemental jurisdiction unnecessary.  Supplemental jurisdiction becomes relevant only when a court determines that it has no independent basis of subject matter jurisdiction—such as diversity jurisdiction—over a claim.").  It is err for a district court to dismiss a state law claim by declining to exercise supplemental jurisdiction when it has "independent federal jurisdiction over the claim based on diversity of citizenship."  McElroy v. Philips Med. Sys. N. Am., Inc., 127 F. App'x 161, 170 (6th Cir. 2005).

This Court has original diversity jurisdiction over Safeguard's various unauthorized practice of law counterclaims.  Safeguard alleges the Court has subject matter jurisdiction by virtue of diversity.  (Am. Ans. & Countercl. at ¶ 4.)  Safeguard states that it is a corporate citizen of Delaware and Ohio.  (Id. at ¶ 1.)  It contends that zLien is a corporate citizen of Louisiana, (id. at ¶3), and that HomeStar is a corporate citizen of Minnesota and Wisconsin, (id. at ¶ 2.).  Thus, there is complete diversity amongst the parties to Safeguard's counterclaims, specifically its unauthorized practice of law counterclaims against zLien.  See 28 U.S.C. § 1332(a)(1).

zLien challenges Safeguard's claim of diversity jurisdiction not based on the citizenship of the parties, but rather by asserting there is no allegation the amount in controversy exceeds $75,000.  (Express Lien, Inc.'s Ans. to Countercl. ("zLien's Ans.") at ¶ 4 [Doc. No. 27]; zLien's Resp. at 7–8.)  Despite zLien's contention to the contrary, Safeguard does allege that it has incurred damages in excess of $75,000 as a result of

zLien's unauthorized practice of law.[11]   (See Am. Ans. & Countercl. at ¶ 94.)   This allegation, presumably made in good faith, is sufficient to confer jurisdiction as the Court cannot conclude with legal certainty, on the present record, that Safeguard would not be entitled to damages in this amount.   See OnePoint Sols., LLC v. Borchert, 486 F.3d 342, 348 (8th Cir. 2007) ("Generally, a complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." (quotations omitted)).   However, Safeguard's "allegations of [the] requisite jurisdictional amount are not necessarily dispositive of the issue." Zunamon v. Brown, 418 F.2d 883, 885 (8th Cir. 1969).   zLien—or the Court—is free to challenge Safeguard's contentions regarding the amount of its damages, at which point Safeguard would bear the burden of proving its potential entitlement to a recovery in excess of $75,000 by a preponderance of the evidence.   See State of Mo. ex rel. Pemiscot Cty., Mo. v. W. Sur. Co., 51 F.3d 170, 173 (8th Cir. 1995).

---

[11]   zLien also challenges the amount in controversy by alleging none of Safeguard's individual unauthorized practice of law counterclaims exceed $75,000.   (See zLien's Resp. at 7.)   However, this argument fails since a plaintiff may aggregate its claims against a single defendant, or claims against jointly liable defendants, to satisfy the amount in controversy requirement.   See Alpine Glass, Inc. v. State Farm Fire & Cas. Co., No. 12-cv-2867 (JRT/LIB), 2013 WL 2434942, at *2 (D. Minn. June 4, 2013) (quoting Lynch v. Porter, 446 F.2d 225, 228 (8th Cir. 1971)); Spine Imaging MRI, L.L.C. v. Country Cas. Ins. Co., No. 10-cv-480 (JRT/ALB), 2011 WL 379100, at *3 (D. Minn. Feb. 1, 2011).   Safeguard alleges its damages for the unauthorized practice of law claims exceed $75,000.   (Am. Ans. & Countercl. at ¶ 94.)   This alone is sufficient to meet the amount in controversy requirement, whether those damages are from the aggregate of the unauthorized practice of law claims, or stem from each claim individually.

Thus, the Court finds it has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 over Safeguard's unauthorized practice of law counterclaims.   Based on this finding, the Court respectfully declines to adopt the R & R's recommendation to decline to exercise supplemental jurisdiction over these counterclaims.

## III.   ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Counter Claimant Safeguard Properties Management, LLC's ("Safeguard") Objections to the Report and Recommendation [Doc. No. 80] are **SUSTAINED IN PART AND OVERRULED IN PART** as set forth in this Order.

2. The Report and Recommendation [Doc. No. 77] is **ADOPTED IN PART** and the Court respectfully declines to adopt it in part as forth in this Order.

3. Counter Defendant zLien's Motion for Judgment on the Pleadings [Doc. No. 43] is **GRANTED IN PART AND DENIED IN PART**:

   a. Safeguard's Count Four (tortious interference with business relationships) and Count Five (tortious interference with contractual relationships) are **DISMISSED WITHOUT PREJUDICE**.   Safeguard is permitted to file amended counterclaims within thirty days of this Order.

   b. Safeguard's Count Six (unauthorized practice of law) is **DISMISSED WITHOUT PREJUDICE** as to the Minnesota unauthorized practice of law claim.   Safeguard is permitted to file an amended counterclaim within thirty days of this Order.

   c. zLien's Motion for Judgment on the Pleadings is **DENIED** in all other respects.

Dated:  February 9, 2016                          s/ Susan Richard Nelson
                                                  SUSAN RICHARD NELSON
                                                  United States District Judge

14